UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CASE NO.

NORTH AMERICAN BANCARD, LLC f/k/a
NORTH AMERICAN BANCARD, INC. n/k/a
NORTHAB, LLC d/b/a NORTH, a Delaware
limited liability company,

    Plaintiff,

v.

FIRST DATA MERCHANT SERVICES
CORPORATION n/k/a FIRST DATA
MERCHANT SERVICES, LLC, a Georgia
limited liability company, and FISERV, INC.,
a Wisconsin corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, North American Bancard, LLC f/k/a North American Bancard, Inc. n/k/a NorthAB, LLC d/b/a North ("NORTH"), by and through the undersigned attorneys, hereby sues Defendants, First Data Merchant Services Corporation n/k/a First Data Merchant Services, LLC ("First Data") and Fiserv, Inc. ("Fiserv") (collectively, "Defendants," together with NORTH, the "Parties"), for damages, and states as follows:

1. This is an action to recover damages to NORTH resulting from Defendants' refusal to abide by the material terms and conditions of the Parties' Merchant Program Processing Agreement dated August 9, 2007 ("Merchant Agreement"), as well as Defendants' wrongfully engaging in self-help also in the breach of the Merchant Agreement. The Merchant Agreement is designated as a Confidential Document and will be attached to a Motion to File Under Seal contemporaneously with the filing of this Complaint and is

incorporated herein by reference and referred to as **Exhibit "A."**[1]

## PARTIES

2. Plaintiff NORTH was a Michigan corporation duly organized, validly existing and in good standing under the laws of the State of Michigan, with its principal place of business located at 250 Stephenson Highway, Troy, MI 48083. Subsequently thereafter, the NORTH entity was converted into a Delaware limited liability company, with its principal place of business located at 250 Stephenson Highway, Troy, MI 48083. None of the members of NORTH are citizens of the state of Georgia for the purposes of determining diversity jurisdiction.

3. Defendant First Data is and was, at all material times hereto, a Georgia limited liability company with its principal address located at 5565 Glenridge Connector NE, Suite 200, Atlanta, GA 30342.

4. Upon information and belief, First Data's members include CESI Holdings, Inc. ("CESI"), which is incorporated under the laws of the State of Georgia, with its principal place of business located at 5565 Glenridge Connector NE, Suite 2000, Atlanta, Georgia 30342. While First Data conducts business across the United States, including in the State of Michigan, upon information and belief, none of the members of First Data are citizens of the state of Michigan, or the state of Delaware, for the purposes of determining diversity jurisdiction.

5. Defendant Fiserv, is and was, at all material times hereto, a Wisconsin corporation with its principal address located at 600 N. Vel R. Phillips Ave., Milwaukee, Wisconsin 53203. Upon information and belief, in July 2019 Fiserv acquired First Data, including all of its assets and liabilities, and is therefore, as a successor in interest, responsible for First Data's obligations and responsibilities under the Merchant Agreement. Indeed, Fiserv

---

[1] Because Section 9.1 of the Merchant Agreement designates the terms and conditions of the Merchant Agreement as confidential, NORTH is filing a Motion to File Under Seal Exhibit A together with this Complaint.

61646872.2

continues to do business with NORTH pursuant to the Merchant Agreement, albeit continuing the improper failure to pay alleged herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between NORTH, First Data, and Fiserv.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(2) because this Action is brought in the judicial district where First Data does business, and a substantial part of the events, omissions, and misconduct by First Data that gave rise to NORTH's claims occurred within this judicial district.

8. The Merchant Agreement provides that the Merchant Agreement shall be governed by and construed in accordance with the laws of the State of New York. *See* Ex. A, ¶12.7.

9. This Court has personal jurisdiction over First Data because First Data regularly conducts and transacts business in this judicial district and First Data was, and at all material times hereto, engaged in solicitation of business activities within the state of Michigan.

10. This Court has personal jurisdiction over Fiserv because Fiserv regularly conducts and transacts business in this judicial district and Fiserv was, and at all material times hereto, engaged in solicitation of business activities within the state of Michigan.

11. This Court's exercise of personal jurisdiction over First Data and Fiserv will not violate traditional notions of fair play and substantial justice.

## MATERIAL FACTS

12. First Data is a financial services company that is in the business of processing

credit and debit card transactions for merchants who accept credit and/or debit cards as a form of payment. First Data handles approximately forty-five percent (45%) of all U.S. credit and debit card transactions.

13. NORTH is a payments technology company that is in the business of developing and marketing merchant bank card programs, originating merchant relationships, and providing merchant bank card management services.

14. On August 9, 2007, First Data and NORTH, together with Wells Fargo Bank, N.A. ("Wells Fargo"), entered into the Merchant Agreement to establish a merchant processing program.

15. The relationship between the First Data (and now Fiserv) and NORTH continues to be governed by the terms and conditions of the Merchant Agreement; specifically Section 10.1, as neither Party to the Merchant Agreement has terminated the Merchant Agreement.

16. Upon information and belief, on or about January 17, 2013, non-party, Rapid Capital Funding II, LLC n/k/a RCF II, LLC ("RCF II"), entered into a Receivable Purchase Agreement ("Receivable Agreement") with Mike's Service Center, Inc. ("Mike's Service Center") pursuant to which RCF II provided Mike's Service Center a merchant cash advance.

17. Upon information and belief, Mike's Service Center pledged its future credit card receivables generated from credit card transactions of Mike's Service Center's customers to RCF II as consideration for the merchant cash advance.

18. Upon information and belief, the credit card transaction of Mike's Service Center's customer were processed by First Data.

19. Upon information and belief, at some point in or about 2013, Mike's Service Center defaulted on its obligations to RCF II under the Receivable Agreement. As a result

thereof, RCF II requested First Data to hold all funds generated from card transactions processed for Mike's Service Center's customers.

20. On November 13, 2013, RCF II filed suit against Mike's Service Center in the Court of Common Pleas for Summit County, Ohio (the "Ohio Litigation").[2] In response to RCF II's lawsuit, Mike's Service Center filed a Third-Party Complaint against First Data for conversion, breach of contract, unjust enrichment, and for a declaratory judgment.

21. Upon information and belief, on February 19, 2015, RCF II and First Data entered into a Hold Harmless and Indemnification Agreement ("Indemnification Agreement") whereby RCF II agreed to defend, indemnify, and hold First Data harmless against the third-party claims asserted by Mike's Service Center in the Ohio Litigation.

22. NORTH is not and was never a party to the Indemnification Agreement between First Data and RCF II.

23. At all material times hereto, NORTH did not own and had no affiliation with RCF II whatsoever.

24. Upon information and belief, First Data demanded that RCF II indemnify First Data for its attorneys' fees and costs expended in the Ohio Litigation pursuant to the Indemnification Agreement.

25. Upon information and belief, RCF II refused to indemnify First Data.

26. After the summary judgment phase in the Ohio Litigation concluded on or about May 4, 2017, First Data filed a lawsuit against RCF II in Broward County, Florida (the "Florida Litigation") seeking to enforce the terms of the Indemnification Agreement to have RCF II defend, indemnify, and hold First Data harmless against Mike's Service Center as a result of the Ohio Litigation.

---

[2] The allegations set forth in paragraphs 14 through 20 above, which allegations are asserted upon information and belief are based on the pleadings and papers filed in the Ohio Litigation.

61646872.2

27. On January 4, 2018, First Data obtained a Final Judgment after Default ("Judgment") against RCF II in the Florida Litigation in the amount of $120,397.94.

28. On May 8, 2019, First Data sent NORTH a purported Indemnification Demand Letter demanding that NORTH indemnify First Data in the amount of $194,000.55 based on the Indemnification Agreement between First Data and RCF II to which NORTH is not a party.

29. In its Indemnification Demand Letter, First Data demanded the above payment within sixty (60) days and stated that should NORTH not comply with its demand for payment, First Data would offset $194,000.55 from payments First Data acknowledged it owed to NORTH pursuant to the Merchant Agreement.

30. In response to the Indemnification Demand Letter, on July 8, 2019, NORTH explained to First Data that NORTH is not (and was not) a party to the Indemnification Agreement; that RCF II is a separate and distinct legal entity from NORTH; that RCF II is not affiliated with NORTH; and that, as reflected in the records of the Florida Department of State, RCF II is an active Florida limited liability company with its principal address in Miami, Florida.

31. Indeed, First Data accepted NORTH's representations as it elected not to make NORTH a party to the Florida Litigation based on First Data's theory of successor liability that is wholly inapplicable.

32. Despite being fully advised in the premises as set forth above by NORTH, on July 11, 2019, First Data again threatened to withhold payments in the amount of $194,000.55 that First Data acknowledged First Data owed NORTH pursuant to the Merchant Agreement.

33. Sometime thereafter, First Data sought unlawful self-help and withheld $194,000.55 in payments due and owing to NORTH pursuant to the Merchant Agreement.

34. NORTH now files this action as a result of the damages sustained from First Data's willful and material breach of the Merchant Agreement that sought "self-help" by

unlawfully withholding payments due and owing to NORTH.

35. Plaintiff NORTH has retained the undersigned attorneys to institute, maintain, and prosecute this lawsuit on its behalf and is required to pay its attorneys a reasonable fee for their services in connection with this matter.

36. All conditions precedent to the institution, maintenance, and prosecution of this lawsuit have been performed, excused, waived, or have otherwise occurred.

## COUNT I
## BREACH OF CONTRACT

37. Plaintiff NORTH realleges and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. On August 9, 2007, First Data and NORTH, entered into the Merchant Agreement. The Merchant Agreement was supported by an offer, acceptance, and consideration.

39. NORTH performed all of its duties, obligations, and conditions precedent required to be performed under the Merchant Agreement with First Data, except any performance that has been prevented or excused by First Data's misconduct as alleged herein.

40. First Data materially breached the Merchant Agreement by intentionally withholding and refusing to pay NORTH $194,000.55 in payments due and owing to NORTH pursuant to the Merchant Agreement.

41. Although compliance with the Merchant Agreement has been demanded, First Data failed to comply with NORTH's demand.

42. As a direct and proximate result of First Data's material breach and refusal to comply with the terms and conditions of the Merchant Agreement, NORTH has been damaged in an amount greater than Seventy-Five Thousand and 00/100 Dollars ($75,000.000), exclusive of post-judgment interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, North American Bancard, LLC f/k/a North American

Bancard, Inc. n/k/a NorthAB, LLC d/b/a North, demands judgment in its favor against Defendants, First Data Merchant Services Corporation n/k/a First Data Merchant Services, LLC and Fiserv, Inc., for damages in an amount to be determined at trial, costs, and post judgment interest, together with such further or other relief in favor of NORTH as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

43. Plaintiff NORTH realleges and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

44. This Count II is pled *in the alternative* to Count I, above.

45. NORTH conferred a benefit upon First Data by, *inter alia*, providing sales and marketing activities to First Data for the processing of credit and debit card transactions for merchants who accept credit and/or debit cards as a form of payment; processing Merchant Applications (as defined in the Merchant Agreement); and providing Bank Card (as defined in the Merchant Agreement) transaction processing services to Approved Merchants (as defined in the Merchant Agreement).

46. First Data consented to receiving and did receive these conferred benefits from NORTH.

47. First Data had knowledge of these benefits conferred by NORTH.

48. First Data voluntarily accepted and retained these benefits conferred by NORTH.

49. It would be inequitable to permit First Data to retain the benefits conferred by NORTH without just compensation.

**WHEREFORE**, Plaintiff, North American Bancard, LLC f/k/a North American Bancard, Inc. n/k/a NorthAB, LLC d/b/a North, demands judgment in its favor against Defendants, First Data Merchant Services Corporation n/k/a First Data Merchant Services, LLC

and Fiserve, Inc., for damages in an amount to be determined at trial, costs, and post judgment interest, together with such further or other relief in favor of NORTH as this Court deems just and proper.

Dated: July **15**, 2025.      Respectfully submitted,

*/s/ Frances Belzer Wilson*
FRANCES BELZER WILSON (P68650)
**Dawda PLC**
39533 Woodward Ave., Suite 200
Bloomfield Hills, MI 48304
(248) 642-4282 (phone/fax)
fwilson@dawdalaw.com

*/s/ Beth-Ann E. Krimsky*
BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
**GREENSPOON MARDER LLP**
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027
beth-ann.krimsky@gmlaw.com
clemencia.corzo@gmlaw.com
gabby.mangar@gmlaw.com

*Attorneys for North American Bancard, LLC f/k/a North American Bancard, Inc. n/k/a NorthAB, LLC d/b/a North*